# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 808 | **DATE** | 4/3/2003 |
| **CASE TITLE** | CAROL A. MISTRETTA vs. RONALD D. BABB | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies Defendants' motion to dismiss [5-1]. Status hearing set for 4/30/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 09 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/3/2003 | |
| | | date mailed notice | |
| CG | courtroom deputy's initials | CG | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Carol A. Mistretta, individually and on )
behalf of all others similarly situated, )
                               )
        Plaintiff,              )
                               )    No. 03 C 00808
      v.                       )    Judge Ronald A. Guzman
                               )
Ronald D. Babb and The Law Firm of )
Ronald D. Babb, Ltd.,               )
                               )
        Defendants.           )

## MEMORANDUM OPINION AND ORDER

Pending is Defendants Ronald D. Babb and the law firm of Ronald D. Babb, Ltd.'s motion to dismiss Plaintiff Carol A. Mistretta's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND FACTS

Plaintiff received an initial form collection or "dunning" letter dated July 16, 2002 from Defendants seeking payment of a debt allegedly owed to a third party creditor. The pertinent part of the letter giving rise to the complaint states:

> If you wish to dispose of this matter at this time without further expense, please forward a **money order or bank check** in the amount of **$250.00** made payable to **RONALD D. BABB, LTD. TRUST ACCOUNT**, or cash payment can be brought to the above address and a written receipt will be given. **Personal checks will not be accepted.** (emphasis in original).

On February 4, 2003, Plaintiff filed a putative class action complaint claiming that the wording of the letter violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"). Specifically, Plaintiff alleges that the aforementioned phrase



overshadows or confuses the statutorily-required 30 day validation notice included in the letter, in violation of § 1692g of the FDCPA. A copy of the dunning letter was appended to the complaint as the lone exhibit. Defendants now move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see also Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). In evaluating the motion, the court accepts as true all well-pleaded factual allegations in the complaint, and any inferences reasonably drawn from those facts are construed in the light most favorable to the plaintiff. *Roots Partnership v. Land's End, Inc.*, 965 F.2d 1411, 1416 (7th Cir. 1992). Moreover, the court will consider exhibits to the complaint that are in the form of written instruments as part of the pleadings for the purposes of a motion to dismiss. Fed.R.Civ.P. 10(c); *see also Bankcard Am. Inc. v. Universal Bancard Sys. Inc.*, 904 F. Supp. 753 (N.D. Ill. 1995). A court should dismiss a complaint only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

The FDCPA seeks to protect consumers from "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA requires a debt collector, either in its initial communication with a consumer debtor or within five days thereafter, to send a written notice containing the following information: (1) the amount of the debt; (2) the

name of the current creditor; (3) a statement that the collector will consider the debt to be valid unless the debtor "disputes the validity of the debt" within thirty days; (4) a statement informing the debtor that if the debtor disputes the debt in writing within thirty days, "the debt collector will obtain verification of the debt [from the creditor] ... and a copy of [the] verification ... will be mailed to the consumer"; and (5) a statement that, upon written request from the debtor, the collector will send the debtor the name of the original creditor within thirty days if the original creditor is different from the current one. 15 U.S.C. § 1692g.

Implicit in the language of the FDCPA is that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the hypothetical "unsophisticated consumer," who is the object of the statute's solicitude. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). The implied duty to avoid confusing the unsophisticated consumer can be violated by contradicting or "overshadowing" the required notice. *Id.*

Plaintiff does not allege that the Defendants' letter omits the required validation notice. Instead, she claims that the additional language in the letter overshadows the validation notice and thus violates § 1692g of the FDCPA. Specifically, Plaintiff avers that the sentence including the phrase "at this time" would confuse unsophisticated consumers as to whether they must act immediately, or whether they have the full 30 day period to dispute the validity of the alleged debt. The Seventh Circuit has held that a FDCPA complaint states a legal claim, and therefore survives a motion to dismiss under Rule 12(b)(6), simply by alleging that a dunning letter is confusing. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *see also Walker v. Nat'l*

*Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) (stating a contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)). How a particular notice affects its audience is a question of fact, which may be explored by testimony and devices such as consumer surveys. *Walker*, 200 F.3d at 501. The Seventh Circuit explained in *Walker* that a complaint alleging recipient confusion from a dunning letter may not be dismissed under Rule 12(b)(6), not only because "this notice is confusing" states a claim on which relief can be granted, but also because district judges are not good proxies for the unsophisticated consumers whose interests the FDCPA protects. *Id.*

Because Plaintiff's complaint alleged that Defendants' dunning letter was confusing, her complaint is legally sufficient and thus survives a motion to dismiss under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to dismiss [#5].

So Ordered.                                Entered: 4-3-03

*[signature]*

Ronald A. Guzman
United States Judge